DONA B. LYCURGUS *vs.* NICHOLAS C. LYCURGUS.

Bristol. December 4, 1969. — December 24, 1969.

Present: SPALDING, CUTTER, KIRK, SPIEGEL, & QUIRICO, JJ.

*Divorce, Jurisdiction. Domicil.*

Findings by a judge of a Probate Court supported by evidence reported in a divorce proceeding, that the libellant always considered Massachusetts as her home and established one here as soon as she was financially able to do so after leaving her husband in Greece and residing with her brother and parents, respectively, in Rhode Island; that her stay in

Rhode Island was of a temporary nature and was only for the purpose of obtaining a certificate to teach in Massachusetts, and that she was a resident here when she filed the divorce libel shortly after moving here from Rhode Island, warranted the judge's conclusion that the libellant had not "removed into this commonwealth for the purpose of obtaining a divorce" so as to be barred from obtaining a divorce by G. L. c. 208, § 5, as amended by St. 1964, c. 344.

LIBEL for divorce filed in the Probate Court for the county of Bristol on October 14, 1966.

The case was heard by *Mullaney*, J.

*Andrew F. Lane* for the libellee.

SPALDING, J. On February 17, 1967, following a hearing in which the husband did not appear, a decree nisi was entered in favor of the wife on her libel for divorce. Before the decree became absolute, the husband, appearing specially, filed a statement of objections to the decree becoming absolute. One of the objections, and the only one here material, is that the court was without jurisdiction to enter a decree of divorce for the reason that the wife had moved into the Commonwealth for the purpose of obtaining a divorce. After hearing, the judge dismissed the objections; she also denied the husband's motion to dismiss the libel for lack of jurisdiction. The husband appealed from both the dismissal and the denial. The evidence is reported. The judge, upon request, made a report of the material facts.

The statutory provisions governing jurisdiction to enter a decree of divorce are contained in G. L. c. 208, §§ 4 and 5. Of these provisions the only one here pertinent is that portion of § 5, as amended by St. 1964, c. 344, which states that "if the libellant is a resident of the commonwealth at the time of the filing of the libel and the cause occurred within the commonwealth, a divorce may be decreed for any cause allowed by law, *unless it appears that the libellant has removed into this commonwealth for the purpose of obtaining a divorce*" (emphasis supplied). The sole issue is whether the wife moved into this Commonwealth for the purpose of obtaining a divorce. The judge found that she had not. The husband contends that this finding is plainly wrong.

The findings of the judge here pertinent are these. When

the libel was filed on October 14, 1966, the wife, a "bona fide resident" of Seekonk in the county of Bristol, was domiciled in Massachusetts. In September, 1965, she and her husband and children left the United States to visit Spain, France and Greece.[1] From October, 1965, to June, 1966, she resided temporarily in the cellar of her mother-in-law's home in Greece. Both husband and wife entered Greece on temporary visas, and the husband did nothing "to indicate he intended to remain permanently in Greece." Nor did the wife "intend to acquire another domicile." In June, 1966, the wife left her husband and returned to the United States with her two children. Her intent at that time was to return to Massachusetts.

Upon her arrival in the United States, the wife resided temporarily with her brother and parents, respectively, who lived in Rhode Island in towns adjoining Seekonk. While staying in Rhode Island, she planned to earn a teacher's certificate to enable her to teach school in Massachusetts, and she attended a college in Rhode Island for that purpose. Until she obtained a teaching position, she was dependent on her brother and parents for "help and support." Since returning to the United States the wife has received no financial assistance from the husband for the support of herself and the children. While in Rhode Island, the wife consulted a lawyer who advised her that a libel for divorce "should be brought in Massachusetts, her domicile." When she moved to Seekonk "she did not move . . . [there] especially to get her divorce but . . . the fact that Massachusetts was her domicile coincided with her plan to live and teach in this Commonwealth."[2] When the libel was filed the wife had already begun her certification studies to enable her to teach in Massachusetts.

We have examined the evidence and are of opinion that it supports the finding of the judge that the wife did not

[1] The evidence shows that before their departure for Europe the family had lived for several years in Lincoln in this Commonwealth.

[2] The wife testified that at the time of the hearing she was teaching in the Seekonk schools, and this evidence was not contradicted.

remove to Massachusetts for the purpose of obtaining a divorce. The husband lays great stress on the wife's testimony that she moved to Seekonk after learning from her Rhode Island attorney that she could not get a divorce in Massachusetts unless she lived there. If that evidence stood alone the decision below might be difficult to sustain. But it does not stand alone. There was ample support for the judge's conclusions that the wife always considered Massachusetts as her home and established one here as soon as she was financially able to do so, and that her stay in Rhode Island was of a temporary nature and was only for the purpose of enabling her to obtain a certificate to teach in Massachusetts schools.

It follows from the findings, which are not plainly wrong, that the wife was domiciled in Seekonk when the libel was brought and that she did not remove there for the purpose of obtaining a divorce. The dismissal of the objections to the decree becoming absolute, and the denial of the motion to dismiss the libel for lack of jurisdiction reveal no error of law and must be affirmed.

*So ordered.*